UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLEN J. MORIN,<br><br>               Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>               Defendant. | CASE NO. C16-5608-BAT<br><br>**ORDER GRANTING MOTION FOR AWARD OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 20 U.S.C. § 2412(d)** |

Allen J. Morin moves for attorney's fees of $7,267.94 and expenses of $5.70 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Dkts. 14, 17. The Commissioner argues the Court should deny the motion because the government's position was substantially justified. Dkt. 18. The Court rejects the Commissioner's arguments and **GRANTS** plaintiff's motion.

EAJA provides that a court shall award to a prevailing party fees and other expenses incurred by that party unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). To show that its position was "substantially justified" the government must demonstrate its position had a reasonable basis in both law and fact at each stage of the proceedings. *Tobeler v. Colvin,* 749 F.3d 830, 832–34 (9th Cir. 2014).

ORDER GRANTING MOTION FOR AWARD OF ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT, 20 U.S.C. §
2412(D) - 1

The government erroneously posits that the issue before the Court is "whether the Commissioner was substantially justified despite [the] deficiencies in the ALJ's decision. Dkt. 18 at 3. However, the "position of the United States" includes **both** the government's litigation position and the underlying agency action giving rise to the civil action. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2014) (emphasis added). Thus in assessing whether the government's position is substantially justified, a Court first considers the underlying agency action. *Id.* at 872. A court need not address whether the government's subsequent litigation position is justified when the underlying agency position was not substantially justified. *Id.* at 872-73.

Here the Court found the ALJ harmfully erred in rejecting the opinions of Kimberly Wheeler, Ph. D., and the testimony of the lay witnesses. Dkt. 14. As to Dr. Wheeler's opinions, the Court found the ALJ's determination contained legal error, and was also not supported by substantial evidence; as to the lay testimony, the Court found the ALJ's determination was not supported by substantial evidence. *Id.* In short, the Court, in its decision on the merits, found the ALJ's determination lacked a reasonable basis in both law and fact. *See Tobler*, 749 F.3d at 832-34.

While the Court need not resolve whether the government was substantially justified in defending the ALJ's decision, the Court notes the government largely reiterates arguments the Court previously rejected in ordering reversal and remand of the case. Given the obvious and serious flaws in the ALJ's analysis, the Court finds now that the government has not shown it was substantially justified in defending the ALJ's decision.

The Court concludes the Commissioner's position was not substantially justified and **GRANTS** Mr. Morin's motion. The Commissioner did not object to the amount of fees Mr. Morin requested. The Court has reviewed plaintiff's motion and supporting declarations, and the

record, and finds the amount requested is reasonable.

The Court therefore **ORDERS** the Commissioner to pay plaintiff's attorney's fees in the amount of $7,267.94 and expenses of $5.70, provided that plaintiff does not owe a debt to the Government. If a federal debt exists, than any remaining sum after offset shall be payable to plaintiff but mailed to plaintiff's attorney, Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA. 98501. WA 98284.

DATED this 26th day of June, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge